Matter of Wolf (2019 NY Slip Op 00808)





Matter of Wolf


2019 NY Slip Op 00808


Decided on February 1, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Jan. 4, 2019.)


&em;

[*1]MATTER OF KEVIN R. WOLF, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam.
Respondent was admitted to the practice of law by this Court on June 19, 2006, and he formerly maintained an office in Buffalo. On October 19, 2017, respondent was convicted upon his plea of guilty in Tonawanda City Court (City Court) of resisting arrest and criminal contempt in the second degree (Penal Law §§ 205.30, 215.50 [3]), both of which are class A misdemeanors. In pleading guilty, respondent admitted that, on June 22, 2017, he refused to place his hands behind his back while being arrested following an incident at the home of his former girlfriend. Respondent further admitted that, on June 23, 2017, City Court issued an order directing him to refrain from contacting by any means his former girlfriend, and respondent thereafter violated the order by sending her over 300 messages via email and social media. On January 11, 2018, City Court sentenced respondent to, inter alia, a three-year term of probation and ordered him to enroll in domestic violence classes for one year. In April 2018, the Grievance Committee applied to this Court for an order imposing discipline based upon respondent's conviction in City Court. By order entered May 1, 2018, this Court determined that respondent had been convicted of a serious crime, suspended him on an interim basis, and directed him to show cause why a final order of discipline should not be entered, pursuant to Judiciary Law § 90 (4). In response to the show cause order, respondent filed a written statement in mitigation and, on December 4, 2018, he appeared before this Court and was heard in mitigation.
In determining an appropriate sanction, we have considered the nature of the misconduct underlying the conviction and the fact that respondent was also convicted of an alcohol-related driving offense in November 2017. We have further considered the matters in mitigation submitted by respondent, including his expression of remorse and his statement that the misconduct did not concern his practice of law or negatively affect his clients. We have additionally considered respondent's statement that a substantial contributing factor to the misconduct was his prior abuse of alcohol, for which he has since sought treatment, and his statement that he has remained sober for over one year. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective May 1, 2018, and until further order of this Court. We further direct, however, that respondent may apply to this Court to stay the suspension after a period of six months from the effective date and upon a showing that he is continuing in treatment to maintain his sobriety, that he is following all treatment recommendations, and that he has entered into a treatment monitoring agreement with the New York State Bar Association Lawyer Assistance Program for a period of two years.